IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RMF INDUSTRIAL CONTRACTING, INC.<br>　　　　　　Plaintiff,<br>　v.<br>RELIANT ENERGY SEWARD, LLC, and SEWARD TRUST,<br>　　　　　　Defendants.<br><br>RMF INDUSTRIAL CONTRACTING, INC.<br>　　　　　　Plaintiff,<br>　v.<br>RELIANT ENERGY SEWARD, LLC,<br>　　　　　　Defendant. | Civil Action Nos.  2:03cv1231<br>　　　　　　　　　　　2:03cv1715<br><br>Consolidated at No.  2:03cv1231 |

## ORDER OF COURT

Before the Court for consideration and disposition are DEFENDANTS' MOTION TO STRIKE PARAGRAPHS 4 THROUGH 98 OF THE DECLARATION OF WILLIAM HARRINGTON (*Document No. 50*), the brief in support (*Document No. 48*), and Defendants' response and brief in opposition thereto (*Document Nos. 51 & 52*).  The Court finds and rules that although some paragraphs of the Declaration of William Harrington may, as Defendants contend, be interpreted to impermissibly state legal conclusions, and may be irrelevant to the disposition of Defendants' Motion for Summary Judgment to Reduce the Amount of Plaintiff's Mechanic's Lien Claim, it is also possible that the information reflected in said paragraphs may, as Plaintiff contends, be admissible and relevant to the interpretation of allegedly ambiguous contractual language and the ascertainment of the intent of the parties.

Additionally, Defendants contend that William Harrington lacks personal knowledge of the statements contained in paragraphs 4 through 11 and 17 of his declaration, and that those paragraphs must therefore be based upon hearsay.  The Court finds and rules that the evidence submitted to demonstrate William Harrington's alleged lack of personal knowledge does not convincingly do so, and that even if some of his statements are based upon or phrased in a manner which amounts to hearsay, "hearsay evidence produced in an affidavit opposing

summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, *i.e.* 'in a form that would be admissible at trial.'" *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 465 n.12 (3d Cir. 1989).  Therefore, neither William Harrington's alleged lack of personal knowledge nor the prohibition against hearsay provide a basis to strike paragraphs 4 through 11 and 17 from the Declaration of William Harrington.

NOW THEREFORE, this 6th day of October, 2005, it is hereby ORDERED that Defendants' Motion to Strike Paragraphs 4 Through 98 of the Declaration of William Harrington (*Document No. 50*) is DENIED.  However, the declaration will not be considered by the Court to the extent that it sets forth legal conclusions and/or is not relevant to the disposition of Defendants' Motion for Summary Judgment to Reduce the Amount of Plaintiff's Mechanic's Lien Claim.

                                                BY THE COURT:

                                                s/ Terrence F. McVerry
                                                Terrence F. McVerry
                                                United States District Court Judge

cc:    Ronald W. Crouch, Esquire
        Email: rcrouch@mcguirewoods.com

        Gerald J. Stubenhofer, Esquire
        Email: gstubenhofer@mcguirewoods.com

        Kevin S. Batik, Esquire
        Email: kbatik@mcguirewoods.com

        Jason C. Roper, Esquire
        McGuire Woods LLP
        Dominion Tower - 23rd Floor
        625 Liberty Avenue
        Pittsburgh, PA 15222

        D. Troy Blair, Esquire
        Email: dtblair@duanemorris.com

        David A. Scotti, Esquire
        Duane Morris, LLP
        600 Grant Street, Suite 5010
        Pittsburgh, PA 15219